**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **JOHN KENWORTHY STEVENSON,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:09-CV-611-Y |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner John Kenworthy Stevenson, TDCJ-ID #01429426, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Livingston, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On March 21, 2007, a jury found Stevenson guilty of felony driving while intoxicated (DWI)

in the 371st District Court of Tarrant County, Texas, and assessed his punishment at 50 years' imprisonment. (Clerk's R. at 88) Stevenson appealed his conviction and sentence and sought state postconviction habeas relief, to no avail. *Stevenson v. State*, No. 2-07-CV-100-CR, slip op. (Tex. App.–Fort Worth Jan. 10, 2008) (not designated for publication)*; Stevenson v. State*, PDR No. 200-08; *Ex parte Stevenson*, State Habeas Appl. No. WR-72,563-01, at cover. This federal petition was timely filed.

The evidence at trial reflected that, around 9:30 p.m. on July 13, 2006, after leaving a Mexican Inn restaurant, Scott Roark and Marshall Brufloet observed an older Dodge pickup being driven erratically on North Beach Street in Fort Worth. They observed only the driver in the pickup. They followed the pickup to a Kentucky Fried Chicken (KFC) restaurant and called 911 to report the license plate number and description of the pickup. (4RR 26-57) Fort Worth Officer J.D. Collins, who was in a marked police car in the Cash Store parking lot next to the KFC, heard several broadcasts of a possible drunken driver driving an older model Dodge pickup traveling northbound on North Beach Street. As the officer was getting out of the car, he observed the pickup pass by on North Beach Street, pull into the KFC parking lot, and park in a handicap spot. The officer observed only the driver in the vehicle who he later identified as Stevenson. He observed Stevenson exit the pickup and walk to the front doors of the KFC, staggering. Stevenson pulled on the front door, saw it was locked, and walked back to the pickup, again staggering. The officer walked over to the pickup and approached Stevenson. The officer noted that Stevenson's speech was slurred, his eyes were red, bloodshot and watery, he had a strong odor of alcohol on his breath or person, and he was unbalanced and swaying. The officer called for a DWI unit. The officer performed an inventory search of the pickup and noticed that the passenger door would not open. Scott Roark and Marshall

Brufloet, who had circled around, pulled into the parking lot and confirmed that the pickup was the truck they had observed being driven erratically but could not identify Stevenson as the person who was driving because it was dark. (4RR at 59-81) Officer Cantu, with the DWI unit, arrived and administered field sobriety tests and Stevenson agreed to take a breath test. The officer also noted the same signs of intoxication as Officer Collins had. (4RR 88-108) Officer Cantu determined that Stevenson was intoxicated and placed him under arrest. The breath test revealed that Stevenson's blood alcohol level was more than two times the legal limit of 0.08. (4RR 104-06) Stevenson admitted he had been convicted of DWI five or six times in the past, but denied that he was driving in this instance. According to Stevenson, he was intoxicated on the night in question and ran into a friend, David Carter, at a bar. When the two left the bar, Carter drove his pickup, and he laid back against the passenger seat. Stevenson told Carter to pull into the KFC, and Carter got out, gave Stevenson the keys, and crossed the street to buy a pack of cigarettes. Because the passenger side door would not open, Stevenson climbed over and exited from the driver's side door. The whereabouts of Carter, who was homeless, were unknown at the time of trial. (4RR 109-155)

### D. ISSUES

Stevenson filed his first petition under § 2254 followed by a supplemental petition that together raise the following general claims for habeas relief: (1) he was denied effective assistance of counsel; (2) the trial court erred by finding him guilty on insufficient evidence, (3) the state violated several rules of the Texas Rules of Evidence that affected his substantial rights, and (4) the audio videotape and the police report were produced in error at trial.

### E. RULE 5 STATEMENT

Thaler believes that Stevenson has failed to exhaust his state court remedies as to one or

more of his claims presented as required by 28 U.S.C. § 2254(b)(1). (Resp's Answer at 4)

### F. DISCUSSION

*Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Thus, factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of

rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*(1)  Ineffective Assistance of Counsel*

Stevenson's ineffective assistance claims are multifarious and are construed as follows: His trial counsel was ineffective by failing (1) to file a motion to quash the indictment, (2) to object to the state's misuse of evidence, (3) to advise him that he could admit to being a felon to reduce the unfair prejudice resulting from evidence of his previous DWI and other misdemeanor convictions during the guilt/innocence phase of his trial, and (4) to object to the use of his prior DWI and other misdemeanors convictions that were too remote. (Pet'r Memorandum in Support at 1-3)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The same judge who presided over Stevenson's trial conducted the state habeas proceedings and entered findings of fact and legal conclusions without a hearing. The Texas Court of Criminal Appeals denied the state application without written order on the findings of the trial court. (State Habeas R. at cover, 57) This constitutes an adjudication on the merits by the Texas Court of Criminal Appeals and is entitled to the presumption of correctness. Thus, we defer to the state courts' determination unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Stevenson claims counsel was ineffective by failing to file a motion to quash the indictment because the same prior DWI convictions used to increase the offense to felony status could not also be used to enhance his punishment under the habitual offender notice. The state habeas court found that the two cause numbers used for jurisdictional purposes were 0401321D and 0383742 and the two cause numbers used for habitual enhancement were 0615358W and 0498895W. (State Habeas R. at 58) Thus, the court determined neither jurisdictional DWI offense was also used as a habitual enhancement. (*Id.* at 59) The record supports the state court's findings. Thus, the claim lacks any factual basis.

Stevenson claims counsel was ineffective by failing to object to the state's misuse of evidence of his prior DWI and other misdemeanor convictions under the Texas Rules of Evidence. The state habeas court found that Stevenson had opened the door on direct examination to his criminal history when he testified at trial. (*Id.* at 61) Under state law, otherwise inadmissible evidence can be introduced during cross-examination if the defendant has opened the door to that

6

issue on direct examination. (State Habeas R. at 64) *Ortiz v. State*, 834 s.W.2d 343, 346 (Tex. Crim. App. 1992). In this case, defense counsel questioned Stevenson about his prior criminal history as part of the defense strategy that, if guilty, Stevenson would have pled guilty as he had done in his prior DWI cases. Furthermore, it appears Stevenson's account of the events was the only exculpatory evidence available to Stevenson at the guilt/innocence phase of trial. Having opened the door, the state was free to further question Stevenson regarding his criminal history.

Stevenson claims counsel was ineffective by failing to object to the state's reading of the indictment, including his prior DWI convictions, and to advise him that he could admit to the two DWI convictions that were used to establish felony jurisdiction. Under Texas law, a defendant may stipulate to the jurisdictional paragraphs. If the defendant so stipulates, the paragraphs may be read to the jury, and the stipulation may be entered into evidence, but no other evidence regarding the prior convictions may be presented. *Robles v. State,* 85 S.W.3d 211, 213 (Tex. Crim. App. 2002). Contrary to Stevenson's assertion, he and his trial counsel did enter into an agreement with the state to stipulate to the jurisdictional DWIs, and, at the start of trial, the prosecutor read the indictment to the jury, as redacted, including only the two jurisdictional DWIs in cause numbers 0401321F and 0383742. (7RR, State's Exhibit 7; State Habeas R. at 59) This comports with state law, and any objection by defense counsel would have been frivolous.

Stevenson presents no compelling argument or evidence to overcome the strong presumption that his trial attorney was competent, that but for counsel's alleged acts or omissions, the jury would have acquitted him, or that the state courts' adjudication of the issue was unreasonable.

*(2) Trial Court Error*

Stevenson claims the trial court erred by entering judgment on the jury's guilty verdict when

there was insufficient evidence of his guilt. This claim is conclusory, and Stevenson wholly fails to provide argument or cite legal authority in support of the claim.

Furthermore, a factual insufficiency claim is not cognizable on federal habeas corpus review. *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). In challenges to state convictions under § 2254, only the legal sufficiency standard set out in *Jackson v. Virginia* need be satisfied. 443 U.S. at 318-19. Under this standard, a federal court must consider whether, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id.* Evidence adduced at trial, as well as all inferences reasonably drawn from it, is viewed in the light most favorable to the verdict. *See United States v. Sanchez,* 961 F.2d 1169, 1173 (5th Cir. 1992). The jury is the final arbiter of the weight of the evidence and of the credibility of witnesses. *United States v. Barksdale-Contreras,* 972 F.2d 111, 114 (5th Cir. 1992).

The state appellate court, applying the *Jackson* standard, addressed the issue as follows:

> To support his first two points, [Stevenson] relies on the absence of evidence from the other witnesses [Brufloet and Roark] that he was driving the pickup and his own testimony that someone else was driving it. The jury is the sole judge of the weight and credibility of the evidence. Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the jury. Accordingly, based on the applicable standard of review, we hold that the evidence is legally sufficient to support [Stevenson]'s conviction. (footnote and citations omitted)

In turn, the Texas Court of Criminal Appeals also rejected petitioner's sufficiency claim by refusing his petition for discretionary review. This was an adjudication regarding the merits of the claim.

Having conducted an independent inquiry as to sufficiency under the *Jackson* standard, the state courts' disposition of the legal sufficiency-of-the-evidence claim appears consistent with

8

*Jackson.* Clearly, the jury determined Stevenson, and not Carter, was driving the pickup. This factual determination was within the sole province of the jury. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). It is not for this court to usurp the decision-making authority of the jury. *Jackson,* 443 U.S. at 319.

*(3) and (4) Evidentiary Matters*

Stevenson claims the state's "obvious" and "plain" errors and its violation of certain Texas Rules of Evidence affected his substantial rights. Stevenson complains evidence of his prior DWI and other misdemeanor convictions, the video of his field sobriety tests, and the officer's report were inadmissible during the guilt/innocence phase.

Thaler asserts these claims are unexhausted and procedurally barred because they were raised for the first time in Stevenson's state habeas application. Under Texas law, claims that could have been raised on direct appeal but were not cannot be raised in state habeas proceedings. Even constitutional claims are forfeited if the applicant had the opportunity to raise the issue on appeal. *See Ex Parte Townsend,* 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). This rule sets out an adequate state ground capable of barring federal habeas corpus review where, as here, the state court expressly relied upon the procedural default. (State Habeas R. at 62, 66) *See Busby v. Dretke,* 359 F.3d 708, 719 (5th Cir. 2004). Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by Stevenson, these claims are procedurally barred from this court's review. *See Sawyer Whitley,* 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Finley v. Johnson,* 243 F.3d 215, 219-20 (5th Cir. 2001).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Stevenson's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 7, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 7, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses

to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 16, 2010.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE